BENJAMIN S. SHUMWAY *vs.* GEORGE E. CLARK & trustees.

The consignee of a vessel's cargo cannot be held for the freight, as a trustee of one who signed the bill of lading but had no interest in the vessel, voyage or freight.

CONTRACT. William E. Coffin and others, composing the copartnership of William E. Coffin & Company, were summoned as trustees. William Wilbur and others, owners of the schooner Pinta, appeared as claimants. The defendant was defaulted.

It appeared from the answers of the trustees that the Pembroke Iron Company consigned to them a cargo of iron shipped on board the schooner Pinta, the bill of lading of which was signed by the defendant George E. Clark; that the freight, to the amount of $167, was in their hands, unpaid at the time the writ was served upon them, but was claimed and had been demanded by the owners of the vessel. The answers set forth that the trustees had "no account with the said George E. Clark, nor have they ever seen him, or had any communication from him in regard to said cargo, or said freight, nor has he ever demanded the payment of said freight; and they are informed and believe that said George E. Clark was not the master of said vessel, and did not sail in her when she brought said cargo;" and that the only account they had concerning the matter was with "The schooner Pinta and owners."

From the answers of Wilbur, one of the claimants, to interrogatories filed by the plaintiff, it appeared that the captain of the schooner had "managed her;" that George E. Clark had been captain and had sailed her on shares; that "he was to have three fifths of the earnings of the vessel, he to pay all expenses incurred in running said schooner;" that he did not have command of the vessel during the voyage in question; that he did not engage or pay the crew; and that he "had no interest whatever in the freight on that particular voyage."

The plaintiff then filed the following allegations:

"And now the said plaintiff comes, after said trustees have answered in said case, and have admitted that they hold funds in their hands, freight money of the Pinta, consigned to them, wherein the bill of lading was signed by Geo. E. Clark, and neither affirming or denying said Clark's title to said fund or any part of it, discloses the fact that William Wilbur and others claim the said fund as theirs as owners of said vessel; and prays for leave to allege and prove certain facts not affirmed or denied by said trustees, tending to prove that said fund belongs to the said Clark. And the plaintiff alleges as follows: 1. That it is customary to sail such a vessel as the Pinta by the master, on shares. 2. That the said George E. Clark had been sailing the

Pinta on shares. 3. That he was sailing her on shares on the voyage when this freight was earned. 4. That he was master for the voyage, made the arrangement for receiving and transporting of the cargo, signed the bills of lading, and was entitled to collect the freight. 5. That he sent the vessel to Boston by his brother, to escape arrest for the bill here in suit. 6. That his share of the vessel's earnings is five eighths, and that his share of the earnings in this case is entitled to the title and custody of the whole sum."

In support of these allegations, which were heard in the Superior Court, by *Putnam*, J., the only evidence offered, except the answers, was the testimony of a witness who stated that he knew the Pinta; that Clark had sailed as master of her, and that it was customary to sail such vessels on shares. The court discharged the trustees, and the plaintiff appealed.

*F. W. Sawyer*, for the plaintiff.

*F. L. Hayes*, for the trustees.

MORTON, J. The answer of the trustees states that they owe one hundred and sixty-seven. dollars for freight of a cargo of iron on board the schooner Pinta; that the bill of lading was signed by Clark, the principal defendant; that they have no account with Clark, but their only account is with the owners of the schooner; and that they are informed and believe that Clark was not the master of said vessel, and did not sail in her when she brought said cargo. The mere fact that Clark signed the bill of lading does not entitle him to collect the freight to his own use, and it is clear that, upon this answer, the plaintiff does not show that the trustees had in their hands any goods, effects or credits of Clark.

After the trustees had answered, the plaintiff, without objection, filed additional allegations under the statute, averring that Clark was master of the vessel, sailing her on shares, on the voyage when this freight was earned, and was entitled to collect the freight. Gen. Sts. *c.* 142, § 11. If he had the right to file these allegations, the facts alleged were to be tried by the court or a jury, as the court should direct, and the finding of the court thereon was conclusive against him. It was certainly competent

for the court to find upon the evidence before it that the plaintiff had failed to prove his allegations. The only material evidence was the answer of William Wilbur, one of the owners, who had appeared as a claimant, to interrogatories proposed to him by the plaintiff, from which it clearly appeared that Clark was not master on this voyage, and had no interest in the freight.

The record before us shows conclusively that the alleged trustees were not the debtors of the principal defendant. The judgment of the Superior Court is therefore affirmed.

*Trustees discharged.*